IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE KING,

      Plaintiff,

vs.                                 Case No. 1:21-cv-00870

HERZOG RAILROAD SERVICES, INC. and
MILL CITY ENVIRONMENTAL CORPORATION

      Defendants.

**COMPLAINT**
**(Jury Demand)**

COMES NOW Jamie King, Plaintiff above-named, by and through her attorney of record, David B. Joeckel, Jr., The Joeckel Law Office, and for her cause of action against the Defendants Herzog Railroad Services, Inc. ("Herzog") and Mill City Environmental Corporation ("Mill City"), complains, alleges and states as follows:

**I.**

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because Defendants maintain a place of business in Albuquerque, New Mexico which is in this judicial district and a substantial part as the events giving rise to this action took place in this judicial district.

## II.

## PARTIES

*Plaintiff*

2. Plaintiff, Jamie King, is an individual residing in Albuquerque, Bernalillo County, New Mexico, and was an employee of Defendant Herzog and Defendant Mill City.

*Defendant*

3. Defendant Herzog is a corporation duly authorized to do business in the State of New Mexico. It can be served with process through its registered agent, CT Corporation System, 206 S Coronado Ave, Espanola, New Mexico 87532.

4. Defendant Mill City is a corporation duly authorized to do business in the State of New Mexico. It can be served with process through its registered agent, Registered Agents, Inc., 530-B Harkle Road, Ste 100, Santa Fe, New Mexico 87505.

## III.

## FACTS

5. Plaintiff was employed by Mill City on Mill City's Rail Runner Contract with Herzog Transit Systems, Inc. ("Herzog") from 2012 to June 26, 2020, during which she was subjected to sex discrimination and retaliation. Both Mill City and Herzog were Plaintiff's employers.

6. At Mill City, the work environment is almost entirely male dominated. Plaintiff was the only female in a management position. During night shifts throughout her career, Plaintiff would work with approximately ten male employees. During day shifts throughout her career, Plaintiff worked alongside approximately twelve male employees. Plaintiff ran a successful crew for nearly five years. Plaintiff was the first female mechanical employee ever hired by Herzog and Mill City. By 2020, Plaintiff was one of two females and sixteen male Mill City employees, who worked alongside three male Herzog employees. The male employee's disregarded Plaintiff at

virtually every turn. Subordinate employees ignored Plaintiff when she presented ideas or gave orders. Plaintiff's direct supervisors at Mill City and Herzog disregarded Plaintiff when she made reports of discrimination, harassment, and safety violations.

7. Plaintiff's position as a lead mechanic required her to delegate tasks, plan work with other employees, and train crews daily. Plaintiff only had issues with two employees, who told other employees they did not want to be managed by a female. Plaintiff reported their comments on several occasions.

8. Plaintiff initially worked on the night shift. The night team worked well together and rarely had any issues. The issues arose when Plaintiff was placed on some day shifts. During the day shifts, Plaintiff was subjected to discrimination and harassment based on her sex. Specifically, Jason Lujan ("Lujan") treated Plaintiff as inferior because she is a female.

9. Further, Lujan was treated favorably over Plaintiff because Lujan is a male. Lujan received higher pay without extra certifications, while Plaintiff—who had more experience and credentials—was required to obtain additional certifications to receive the higher wage. Further, Lujan was given hours in a position that Plaintiff was more qualified. Lujan frequently and severely harassed Plaintiff because of her sex which created a discriminatory and hostile work environment during these work hours.

10. Mill City then opened a safety champion position. Mill City created the position to address increasing reportable health and safety violations. Although Plaintiff resisted, she reluctantly agreed to take the position after a request from management. Julie Davies ("Davies") told Plaintiff to write something in the safety book every day for the first few months. Plaintiff, as instructed, wrote safety issues in the book. Plaintiff primarily reported critical blue flag violations. Plaintiff further wrote other problems that *other employees requested her to write*. Instead of applauding Plaintiff for doing a great job of reporting safety violations—a task she was instructed to perform by Davies—Mill City labeled her a "tattle tale" and a whiny female.

11. Finally, Mill City conducted inadequate internal investigations after Plaintiff made several claims of discrimination, harassment, and other safety issues. Mill City's investigations were not "thorough" and "prompt." Plaintiff was never approached about any of the investigations. Plaintiff's claims took weeks and even months to be addressed by management.

12. Conversely, male employee's allegations were taken seriously, investigations were thorough, and resolutions were prompt. Specifically, an allegation was made by a new hire, George Reed, against Plaintiff. While Defendants give male employees multiple chances or ignored allegations—Mill City's resolution against Plaintiff was termination. Defendants never approached Plaintiff about the allegation from Reed before termination.

13. Defendants fostered a male-dominated environment, showed favoritism towards male employees, and even placed Plaintiff in a position with specified job duties that exacerbated the discrimination and hostility. Even Mill City directly discriminated against Plaintiff, labeling her a "tattle tale" and implying she was just a whiney woman. Defendants' employment and dispute resolution decisions were based on sexual discrimination. They favored male employees over female employees. The lack of resolution only exacerbated the severity and frequency of the harassment. When Plaintiff reported issues, Mill City proceeded *to harass Plaintiff* and, eventually, terminate her.

14. On June 26, 2020, Mill City and Herzog terminated Plaintiff's employment for insubordination and "conduct unbecoming." Plaintiff's termination was pretextual. She was terminated based on her sex, and she was retaliated against for filing a complaint for sex discrimination and harassment.

## IV.

## CAUSES OF ACTION

**A.     Discrimination and Retaliation Under Title VII**

15.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

16.     Plaintiff has been subjected to a hostile work environment because of her sex.

17.     Plaintiff was subjected to discriminatory actions by the employees of the Defendants because of her sex.

18.     Plaintiff was terminated because of her sex.

19.     Plaintiff has been retaliated against by Defendants for making a complaint for sex discrimination and harassment. Therefore, Defendant has violated Title VII.

20.     Defendants' violation of Title VII has directly and approximately caused damage to Plaintiff, for which she hereby sues Defendants.

## V.

## DAMAGES

21.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

22.     As a result of Defendants' employee's actions, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including but not limited to, front pay, back pay, past and future mental anguish, past and future loss of enjoyment of life, punitive damages, and reasonable attorney's fees.

23.     Attached as Exhibit A and Exhibit B is a true and correct copy of the Right to Sue for Herzog and Mill City, respectively, which Plaintiff received after exhausting her administrative remedies by first filing a charge with the EEOC.

## VI.

## **REQUEST FOR JURY DEMAND**

24. Plaintiff hereby demands a jury trial.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

(1) That the Court award the Plaintiff judgment against Defendants for damages;

(2) That the Court award all other sums as shall be determined to fully and fairly compensate the Plaintiff for all general, special, incidental and consequential damages incurred or to be incurred by Plaintiff as the direct and proximate result of the acts and omissions of the Defendants, including punitive damages;

(3) That the Court award Plaintiff her costs, disbursements, and reasonable attorney's fees incurred;

(4) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

(5) That the Court award such other and further relief as it deems necessary and reasonable.

DATED this 3rd day of September, 2021.

Respectfully submitted,

THE JOECKEL LAW OFFICE

_/s/ David B. Joeckel, Jr._
David B. Joeckel, Jr.
NM Bar No. 149695
CAID No. 16/369
500 Marquette Avenue, Suite 1200
Albuquerque, New Mexico 87102
(505) 503-4800

219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 – Fax
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF